BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 19 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GRISEOFULVIN                )
ANTITRUST LITIGATION              )   DOCKET NO. 205

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation involves three actions filed in three different districts: the District of the District of Columbia, the District of New Jersey and the Southern District of New York.

Lee's Prescription Shops, Inc. originally filed a complaint under the federal antitrust laws in the Southern District of Florida against Glaxo Group Ltd., Imperial Chemical Industries Ltd. (ICI), Johnson & Johnson, Inc. (J&J), Schering Corp., American Home Products Corp. (AMHO) and Ayerst Laboratories, Inc. All defendants, except one, moved to dismiss the complaint for lack of personal jurisdiction, improper venue and improper service. The motions were granted by the Florida court in September 1974. Lee's did not appeal the decisions and, in addition, voluntarily dismissed the action against the remaining defendant.

---

  * Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

Two months later, Lee's filed an identical complaint in the District of the District of Columbia against the same six defendants. All defendants, except J&J, have filed motions challenging the venue of the action in the District of the District of Columbia and the personal jurisdiction of that court. Apparently fearing that the statute of limitations might expire before those motions were decided, in February 1975 plaintiff instituted an additional action in the District of New Jersey and another in the Southern District of New York. The New Jersey action names Glaxo and Schering as defendants while designating ICI, J&J, AMHO and Ayerst as co-conspirators; the New York action names ICI, AMHO and Ayerst as defendants while designating Glaxo, Schering and J&J as co-conspirators.

The substance of each complaint is identical, focusing on defendants' activities in connection with their manufacture and sale of griseofulvin, a drug used to treat external fungal infections in humans and animals. Plaintiff alleges that the ICI patent, which claims a method of curing fungal infections by administering griseofulvin, fails to meet the statutory requirements of 35 U.S.C. §§100, 101 and 112 and is, therefore, invalid. Plaintiff further alleges that defendants Glaxo and ICI combined to pool their patents and to license them in a manner which unreasonably restrained trade and commerce in violation of Section 1 of the Sherman Act. In addition, plaintiff alleges

that in 1959 Glaxo entered into separate licensing agreements with licensees Schering and J&J, which allowed these licensees to make, use and sell griseofulvin, provided that they refrain from selling the product in bulk form to anyone without Glaxo's consent. In 1962, it is alleged, ICI entered into a similar agreement with licensee AMHO. As a result of these agreements, plaintiff alleges that competition was prevented between and among the defendants, that the licensees were guaranteed freedom from outside competition and that third parties were prevented from purchasing bulk form griseofulvin and packaging it into dosage form tablets, all of which constitute violations of Section 1 of the Sherman Act.

Lee's purports to bring these actions on behalf of all individuals and business entities in the United States and Puerto Rico who purchased griseofulvin from any of the defendants for the purpose of dispensing or reselling the drug for medicinal usages.

Plaintiff moves the Panel for an order, pursuant to 28 U.S.C. §1407, transferring the two actions pending in districts other than the District of the District of Columbia to that district for coordinated or consolidated pretrial proceedings with the action pending there. Five of the six defendants have filed a joint response in opposition to plaintiff's motion.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of the District of Columbia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Five of the six defendants request the Panel to defer its decision on transfer until their motions to dismiss for improper venue and lack of personal jurisdiction have been resolved by the District of Columbia court. These defendants contend that, even though actions are currently pending in three districts, this litigation is not truly multidistrict litigation because any multidistrict character may be eliminated by the resolution of the motions to dismiss: if plaintiff's position is upheld, plaintiff would have no need to pursue its other actions; if the five defendants prevail, and the remaining defendant seeks and obtains a change of venue, then the District of Columbia would be eliminated as a forum and the focus of the litigation would shift to another district. Thus, defendants maintain that plaintiff's motion for transfer is premature and will remain so until it is known whether all, some or none of the defendants will remain in the District of Columbia.

We see no reason for delaying our decision. The New York and New Jersey actions are completely subsumed in the District of Columbia action and, a fortiori, common questions of fact exist among them. Transfer under Section 1407 will therefore ensure the prevention of duplicative discovery, regardless of the outcome of the dismissal motions and any subsequent maneuvering by the parties. Moreover, the institution of coordinated or consolidated pretrial proceedings at this time will allow a single judge to consider all venue and jurisdictional matters regarding all three actions and will thereby conserve judicial effort and prevent inconsistent rulings.

Clearly, the District of the District of Columbia is the most appropriate transferee forum inasmuch as that district is the focal point of this litigation. The action pending there encompasses the other two and is also the furthest advanced. Moreover, Judge Aubrey E. Robinson, Jr., to whom the District of Columbia action is assigned, has become acquainted with the issues involved in this litigation, which will enable him to supervise the pretrial proceedings concerning all three actions toward their most just and expeditious termination.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A pending in districts other than the District of the District of Columbia be, and the same hereby are, trans-

ferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Aubrey E. Robinson, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending in that district and listed on Schedule A.

|---|---|
| SCHEDULE A | DOCKET NO. 205 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lee's Prescription Shops, Inc., etc. v. Imperial Chemical Industries Limited, et al. | Civil Action No. 75 Civ. 822 |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lee's Prescription Shops, Inc., etc. v. Glaxo Group Limited, et al. | Civil Action No. 75-296 |

### DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lee's Prescription Shops, Inc., etc. v. Glaxo Group Limited, et al. | Civil Action No. 74-1709 |